**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| **Alexander Jiggetts** | * | |
| **Plaintiff,** | * | |
| v. | | |
| | * | **Civil No.: 1:18-cv-03430-ELH** |
| **Baltimore City Police Department,** *et al.* | | |
| | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### I. INTRODUCTION

Plaintiff, Alexander Jiggetts, on November 2, 2018 filed the Complaint in this matter against Detective Shirley Disney, Lieutenant Michael Fries, and the Baltimore Police Department ("BPD") alleging various violations of the Constitution of the United States of America. *See* ECF Paper No. 1. Specifically, Plaintiff has alleged violations of the Fourth, Fifth, Eight, and Fourteenth Amendments of the United States Constitution. Although not specifically alleged, Plaintiff's attempt to hold the BPD liable should properly be characterized as a 42 U.S.C. §1983 *Monell*[1] liability claim.

Defendants move to dismiss the Complaint, pursuant to Rule 12(b)(6), with prejudice and without leave to amend because, on its face, the Complaint was: 1) filed after the expiration of the statute of limitations, 2) Plaintiff's claims are barred by the *Heck* doctrine[2] due to Plaintiff

---

[1] *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).
[2] "The *Heck* doctrine" refers to the well settled Supreme Court precedent under *Heck v. Humphrey*, 512 U.S. 477 (1994), holding that §1983 civil claims for money damages which collaterally attack an outstanding criminal judgment are barred, where success of the §1983 claim would necessarily require proof that the conviction was unlawful. *Id.* at 486.

1

being convicted of the very crime for which he was arrested, 3) alternatively, Plaintiff's claims are also barred by collateral estoppel as Maryland Courts give preclusive effect to Plaintiff's conviction, and 4) the Complaint otherwise fails to allege sufficient facts to state a viable §1983 *Monell* claim[3] against the Defendants.

## II. STATEMENT OF FACTS

The facts that are essential to the resolution of Defendants' Rule 12(b)(6) motion are contained in the instant Complaint. Plaintiff has alleged that Defendants utilized a technology to locate phones that led to a warrantless raid of his home located at 1216 N. Calhoun Street on November 11, 2013. *See* ECF Paper No. 1, Compl. ¶1. Plaintiff alleges that four cell phones were recovered and accessed by the Defendants without a warrant. *Id.* Plaintiff was arrested on November 11, 2013. *Id.* Plaintiff alleges that Defendants entered his home on November 12, 2013 while he was incarcerated, allegedly without a warrant. *See* ECF Paper No. 1, Compl. ¶1. Plaintiff further alleges that this is not a §1983 *Monell* suit, but is a "regular suit" for the violation of his Federal Civil Rights. *See* ECF Paper No. 1, Compl. ¶2.

Plaintiff alleges that he raised the alleged violation of his Fourth Amendment rights at his bail review on November 13, 2013. *See* ECF Paper No. 1, Compl. ¶3. Furthermore, on November 13, 2013 Plaintiff alleges that he was ordered to undergo an evaluation at Spring Grove and stayed at the facility for almost three years. *Id.* Plaintiff additionally alleges that he was advised by his Public Defender to plead guilty and remained in the facility for a longer period of time due to his reluctance to plead guilty. *Id.* Plaintiff seeks "damages of all kind." *See* ECF Paper No. 1, Compl. ¶4. Plaintiff alleges that on July 28, 2018 he pleaded guilty to

---

[3] A "§1983 *Monell* claim" claim refers to the well-established Supreme Court precedent authorizing civil rights lawsuits under §1983 against municipalities, where an official policy or custom of the municipality causes a constitutional injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

2

telephone misuse and was sentenced to three years of probation. *See* ECF Paper No. 1, Compl. ¶2.

### III. <u>STANDARD OF REVIEW</u>

The standard of review for Defendants' Rule 12(b)(6) motion to dismiss is well settled. A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the initial pleading. *See e.g.*, *E. I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011); *see also Glassman v. Arlington County*, 628 F.3d 140, 145 (4th Cir. 2010); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 566 U.S. 30, (2012); *Francis v. Giacomelli*, 588 F.3d 186, 190 (4th Cir. 2009).

Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(6) in that the Plaintiff's Complaint is barred by the statute of limitations. A statute of limitations defense is an affirmative defense that may be brought as part of a motion to dismiss for failure to state a claim under Rule 12(b)(6). Where the allegations in the complaint reveal that an action is untimely under the governing statute or statutes of limitations, dismissal under Rule 12(b)(6) is proper. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (noting that a motion to dismiss based on statute of limitations may be granted "where facts sufficient to rule on an affirmative defense are alleged in the complaint." As the Court explained, "this principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint'") (*quoting Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) (emphasis in original); *see also Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) (stating that "the raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed.R.Civ.P. 12(b)(6), if the time bar is apparent on the face of the complaint"); *Litz v. Maryland Dep't of*

*Env't*, 434 Md. 623, 641-642 (2013) (explaining that "a motion to dismiss ordinarily should not be granted by a trial court based on the assertion that the cause of action is barred by the statute of limitations unless it is clear from the facts and allegations on the face of the complaint that the statute of limitations has run"). In other words, if it is apparent from the face of the complaint that the underlying action is barred by the statute of limitations, the complaint fails to state a claim upon which relief can be granted and the statute of limitations can be the grounds for a motion to dismiss. *Doe v. Archdiocese of Washington*, 114 Md.App. 169, 175 (1997).

The Supreme Court has specifically instructed lower federal courts to use a two prong approach in analyzing the sufficiency of a pleading under Fed. R. Civ. Proc. 8 ("Rule 8"): (1) the principle that the court should accept the truth of factual allegations is inapplicable to conclusory allegations; and (2) a complaint will only survive a Rule 12(b)(6) motion where it states a plausible claim for relief. *Ashcroft v. Iqbal*, 566 U.S. 662, 677-680, 129 S.Ct. 1937, 1949-1950 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-556 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949; *see also Giacomelli*, 588 F.3d at 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

Following the Supreme Court's instructions under the first prong of the Rule 8 test, the Fourth Circuit has found that "we need not accept the legal conclusions drawn from the facts," nor "unwarranted inferences, unreasonable conclusions, or arguments." *Glassman v. Arlington County Virginia.*, 628 F.3d 140, 146 (4th Cir. 2010) (*quoting Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotation marks and citation omitted)). "This approach recognizes that 'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'"

*Giacomelli*, 588 F.3d at 193 (*quoting Twombly*, 550 U.S. at 557 (internal quotation marks omitted)(emphasis added))).

Once a pleading is stripped of its allegations that are not entitled to truth, the second prong requires a lower federal court to determine if the remaining factual allegations state a plausible claim for relief. *See Iqbal* 129 S.Ct. at 1949-1952; *see also Twombly*, 550 U.S. at 555-570; *Glassman*, 628 F.3d at 145-150; *Giacomelli*, 588 F.3d at 194-197. Thus, where the well pled facts of a pleading "... do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown –'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950; *see also Giacomelli*, 588 F.3d at 193; *Glassman*, 628 F.3d at 145, *citing Twombly*, 550 U.S. at 557. In sum, the Complaint cannot survive Defendants' Rule 12(b)(6) motion to dismiss if it contains nothing more than "...an unadorned, the-defendant-unlawfully-harmed-me accusation" that is insufficient to state a plausible claim for relief. *See Iqbal*, 129 U.S. at 1949; *see also Giacomelli*, 588 F.3d at 193.

## IV. ARGUMENT

### A. PLAINTIFF'S CLAIMS ARE TIME-BARRED BY THE STATUTE OF LIMITATIONS.

Plaintiffs' alleged injuries occurred on November 11th and 12th of 2013. *See* ECF Paper No. 1, Compl., ¶ 1. Plaintiff filed his Complaint on November 2, 2018, nearly five years after the alleged incident. *Id.* As the Court is well-aware, in Maryland the applicable statute of limitations is three years. *See* Md. Code, Courts & Jud. Proc. ("CJP"), § 5-101("[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides a different time period within which an action shall be commenced"). Maryland's three-year statute of limitations applies to both state and federal claims.

With respect to the federal claims, "[t]he limitations period that is applied in § 1983 claims is the general or 'residual' statute of limitations governing unenumerated intentional torts in the state where the cause of action arose." *Weatherbee v. Balt. City Fire Dep't*, 970 F. Supp. 2d 418, 429 (D. Md. 2013) (*citing Wallace v. Kato*, 549 U.S. 389 (2007)); *see also Owens v. Okure*, 488 U.S. 235, 236 (1989) (holding that the state "residual or general personal injury statute of limitations applies" to "claims brought under 42 U.S.C. § 1983"); *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999) (stating that claims under § 1983 "borrow the state's general personal injury limitations period, which in Maryland is three years"). As this Court held in *Lewis v. Clark*, 534 F. Supp. 714, 716 (D. Md. 1982) (citations omitted), "although the time for bringing the action is borrowed from state law, federal law determines the time of accrual of the action. Under the federal rule, the time of accrual is that point in time when the plaintiff knows or has reason to know of the injury which is the basis of the action." (citations omitted). As this Court explained, "*it is the awareness of the facts giving rise to the cause of action and not the awareness that the illegality of the action is conclusively provable that begins the running of the statute of limitations.*" *Id.* at 716-17 (emphasis added).

Therefore, the injury arises when the cause of action arises. Manifestly, Plaintiff's causes of action in this case accrued at the latest on November 12, 2013. Plaintiff concedes that he was fully aware of the facts given rise of the action as he alleged that he raised the alleged violations to the Court on November 13, 2013. *See* ECF Paper No. 1, Compl. ¶3. Resultantly, the timing of Plaintiff's guilty plea is immaterial to the statute of limitations. Plaintiff filing his Complaint nearly five years later, is barred by the statute of limitations.[4]

---

[4] To the extent Plaintiffs *may* invoke the "discovery rule" to address their limitations issue, such argument would be without merit. *See Gen. Ins. Co. of Am. v. United States Fire Ins. Co.*, 886 F.3d 346, 360 (4th Cir. 2018), as amended (Mar. 28, 2018) (noting that "in determining at which point a cause of action begins to accrue, Maryland courts abide by 'the discovery rule, which now applies generally in all civil actions, and *which provides that a cause*

6

### B. PLAINTIFF'S CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL.

Plaintiff's claims are barred by collateral estoppel. It is well established that principles of collateral estoppel apply to §1983 claims, including claims that arise out of the same factual circumstances as state criminal proceedings. *See Allen v. McCurry*, 449 U.S. 90, 103-104 (1980); *Gray v. Farley*, 13 F.3d 142, 146 (4th Cir. 1993); *Wiggins Murphy*, 576 F.2d 572, 573 (4th Cir. 1978); cert. denied, 439 U.S. 1091(1979); *Rimmer v. Fayetteville Police Dep't*, 567 F.2d 273, 276 (4th Cir. 1977); *see also Holsey v. Bass*, 519 F. Supp. 395, 413-415 (D. Md. 1981); *Von Lusch v. C&P Tel. Co.*, 457 F. Supp. 814, 818-819 (D. Md. 1978). Indeed, the Full Faith and Credit statute, 28 U.S.C. §1738, requires federal courts to give "full credit" to the facts supporting judgment in a party's state criminal case, including giving the same preclusive effect to that judgment that a state court would. *See e.g., Allen*, 449 U.S. at 96; *see also Sunrise Corp. v. City of Myrtle Beach*, 420 F.3d 322, 327 (4th Cir. 2005), cert denied, 547 U.S. 1039 (2006); *Jaffe v. Accredited Surety & Casualty Co.*, 294 F.3d 584, 590 (4th Cir. 2002); *Dionne v. Mayor & City Council of Baltimore*, 40 F.3d 677, 682 (4th Cir. 1994).

Maryland common law is clear that an arrest and subsequent prosecution are conclusively presumed to be made with "probable cause" if an arrestee subsequently is convicted, even if that conviction is later reversed. *See Zablonsky v. Perkins*, 230 Md. 365, 367-368 (1963); *Quecedo v. DeVries*, 22 Md. App. 58, 70 (1974); *see also Asuncion v. Gaithersburg*, 73 F.3d 356, 1996 WL 1842 (4th Cir. 1996) (Unpublished); *Bratton-Bey v. Straughan*, 2014 WL 359493, Slip Op. at 6 (D. Md. decided January 31, 2014)(Unpublished). Thus, in the absence of allegations (and

---

*of action accrues when a plaintiff in fact knows or reasonably should know of the wrong'") (quoting Hecht v. Resolution Tr. Corp.*, 333 Md. 324, 334 (Md. 1994)(emphasis added)). In the instant case, all of the material facts relevant *to the cause* of Plaintiffs' injuries were clearly known and fully discoverable by Plaintiff on November 11, 2013, at the time their injuries first arose.

ultimately proof) that a conviction was procured by fraud, perjury or other corrupt means, probable cause is conclusively established for the arrest and prosecution. *See Zablonsky*, 230 Md. at 367-368; Quecedo, 22 Md. App. at 70; *see also Asuncion*, 1996 WL 1842 Slip Op. at 2; *Bratton*, 2014 WL 359494, Slip Op. at 6.

In the instant case Mr. Jiggetts is precluded from arguing that he was arrested without probable cause, because of his admitted guilty plea and conviction of the crime of telephone misuse presumes otherwise. *See* ECF Paper No. 1, Compl. ¶2. Most importantly, if Mr. Jiggett's conviction was procured by fraud or other improper means his remedy is clear, i.e., he must overturn his criminal conviction through a proper appeal through the state courts, and not through this §1983 action. Plaintiff has stated, "[k]now that I am not challenging the conviction." ECF Paper No. 1, Compl. ¶2. As such, the Court should dismiss his Fourth, Fifth, Eight, and Fourteenth Amendment §1983 claims because it is barred by collateral estoppel.

### C. PLAINTIFF'S CLAIMS ARE BARRED BY THE *HECK* DOCTRINE.

The *Heck* doctrine is a derivative of the doctrine of collateral estoppel under common law. Therefore, the Court may also hold that Mr. Jiggetts cannot pursue his claims against the Defendants, as this §1983 case seeks to collaterally attack Mr. Jiggetts's criminal conviction, and the Heck doctrine affirmatively prevents such an attack. *See Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994)("We hold that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). In other words, "… [a] claim for damages bearing that

relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Heck, 512 U.S. at 487 (emphasis added).

"Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, ***the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated***. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar." *Heck*, 512 U.S. at 487 (emphasis added). The *Heck* doctrine preventing collateral attacks on criminal sentences necessarily requires lower federal courts to look to specifics of the underlying criminal conviction to determine whether the §1983 action "necessarily implies the invalidity of the conviction." *See Heck*, 512 U.S. at 487; *see also Ballenger v. Owens*, 352 F.3d 842, 846 (4th Cir. 2003). Therefore, where a party's Fourth Amendment claim "necessarily implies" that his state conviction is invalid, the *Heck* doctrine affirmatively bars such litigation, in the absence of any proof that the conviction has been overturned, reversed or otherwise expunged by executive order. *See Ballenger*, 352 F.3d at 847 ("It was possession of the cocaine discovered in Ballenger's automobile that constituted the criminal offense, and were that evidence to be suppressed by reason of the illegality of the search, the conviction could not be salvaged. Because a judgment for Ballenger in this case would necessarily imply invalidity of his conviction, the case at this stage amounts to no more than an unexhausted habeas corpus claim that collaterally attacks his conviction."(citations omitted)); *Bowie v. Maryland*, 2014 WL 938457, Slip Op. at 3 (D. Md. decided March 10, 2014)(Unpublished)("Plaintiff's false arrest and false imprisonment claims turn on whether

Defendants had probable cause to arrest him… This court could not sustain these causes of action without finding that Defendants lacked probable cause. Such a finding, however, would implicitly invalidate Plaintiff's state-court conviction, which could not stand without probable cause." (citations omitted)).

In the instant case, the crux of the Complaint is that the BPD officers used a technology to illegally raid his house and phones without a warrant. ECF Paper No. 1, Compl. ¶1. "Know that I am not challenging the conviction." ECF Paper No. 1, Compl. ¶2. It is now undisputed that Mr. Jiggetts pled guilty and was convicted of telephone misuse, a criminal judgment that stands to this day. Consequently, if Mr. Jiggetts were to be successful on his claims, it would necessarily imply that his conviction was invalid. Plaintiff cannot collaterally attack his conviction by filing the current §1983 claim, because the *Heck* doctrine bars it.

### D.     PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A VIABLE §1983 *MONELL* CLAIM.

The Complaint fails to allege sufficient facts meeting the basic elements of a §1983 Monell claim against the Defendants[5], i.e., the Complaint fails to allege facts showing that a BPD policy or custom was "the moving force" behind a violation of Mr. Jiggetts' Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff's Complaint is devoid of sufficient facts that identify a specific practice or custom of the BPD that affirmatively authorizes a violation of a citizen's Fourth, Fifth, or Fourteenth Amendment rights.

---

[5] Plaintiff has not specifically alleged that this suit is against Defendants in their official capacity; nonetheless, it is well settled that an official capacity suit against a government official under §1983, in all respects, is a suit against the government entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 165, 166 (1985)("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law… Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" … As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity…It is not a suit against the official personally, for the real party in interest is the entity.")(citations omitted).

10

It is well settled law that any viable §1983 Monell claim has two elements: (1) the municipality had an unconstitutional "policy or custom"; and (2) the "policy or custom" caused a violation of the plaintiff's constitutional rights. *See e.g., Connick v. Thompson*, 2011 U.S. LEXIS 2594, *17; 131 S. Ct. 1350, 1359 (2011); *Board of Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978); *Kirby v. City of Elizabeth City*, 388 F.3d 440, 451 (4th Cir. 2004), cert. denied, 547 U.S. 1187 (2006); *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003); *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999); *Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987); *Milligan v. Newport News*, 743 F.2d 227, 229 (4th Cir. 1984).

In this regard, a party may allege facts showing that a municipality has an unconstitutional "policy" or "custom" in one of four ways: (1) a formal policy, regulation or ordinance; (2) an express decision of an official with "final policymaking authority"; (3) the municipality's failure to train its employees, such that the municipality was "deliberately indifferent" to the constitutional rights of its citizens; or (4) a "persistent and widespread practice" of unconstitutional conduct by municipal employees so as to become a "custom or usage" of the municipality. *See Connick*, 131 S.Ct. at 1359; *Brown*, 520 U.S. at 403-404; *Lytle*, 326 F.3d at 471; *Carter*, 164 F.3d at 217; *Spell*, 824 F.2d at 1386; *Milligan*, 743 F.2d at 229. Plaintiff's Complaint does not identify a formal policy, regulation, ordinance, or express decision of an official with final policymaking authority, is devoid of an allegation of a failure to train its employees, nor does Plaintiff identify one such other occurrence to evidence a persistent and widespread practice.

It is equally well settled law that the second element of a §1983 *Monell* claim (causation) is a high hurdle, i.e., a complaining party must allege facts showing that the allegedly

unconstitutional policy or custom was the "moving force" behind the violation of his or her rights. *See Connick*, 131 S.Ct. at 1359; *see also Brown*, 520 U.S. at 404; *Carter*, 164 F.3d at 218; *Lytle*, 326 F. 3d at 471-474; *Spell*, 824 F.2d at 1391; *Milligan*, 743 F.2d at 230. It is for this reason that federal courts must apply rigorous standards of culpability and causation to the party's §1983 *Monell* claim, where a party is contending that the municipality did not directly cause the constitutional injury, i.e., that either "inadequately training" or "widespread and persistent constitutional abuses" caused the violation of the party's constitutional rights. *See Connick*, 131 S.Ct. at 1359 ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train")(citations omitted); *Brown*, 520 U.S. at 405 ("Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."); *see also Lytle*, 326 F.3d at 471-474; *Carter*, 164 F.3d at 218-220; *Spell*, 824 F.2d at 1387-1388.

It follows that it is not enough for §1983 *Monell* liability that the alleged unconstitutional "policy or custom" was the "but for" cause of a party's injuries, as federal courts must prevent §1983 *Monell* claims from impermissibly slipping into the realm of respondeat superior liability. *See Brown*, 520 U.S. at 410 ("To prevent municipal liability for a hiring decision from collapsing into respondeat superior liability, a court must carefully test the link between the policymaker's inadequate decision and the particular injury alleged."); *Carter*, 164 F.3d at 218 ("We must bear in mind, however, that no municipality can 'be held liable under § 1983 on a respondeat superior theory.'... A plaintiff's theory is most likely to slip into that forbidden realm when she alleges municipal omission—either a policy of deliberate indifference or the condonation of an

unconstitutional custom.")(internal quotes and citations omitted); *see also Spell*, 824 F.2d at 1388.

Accordingly, in order to keep a §1983 *Monell* claim from collapsing into respondeat superior liability, federal courts require plaintiffs to allege sufficient facts showing that the municipality was "deliberately indifferent" to the specific risk of constitutional injury alleged in the pleadings. *See e.g., Connick*, 131 S.Ct. at 1359; *see also Brown*, 520 U.S. at 411; *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Lytle*, 326 F. 3d at 473-474; *Carter*, 164 F.3d at 318-320; *Spell*, 824 F.2d at 1390-1391. Deliberate indifference is an extremely high standard of fault, i.e., mere negligence and/or even gross negligence is never sufficient to meet the standard. *See Connick*, 131 S.Ct. at 1160 ("'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.")(citation omitted); *Brown*, 520 U.S. at 407 (a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences... A showing of simple or even heightened negligence will not suffice.); *Riddick v. School Board City of Portsmouth, Va.*, 238 F.3d 518, 524 (4th Cir. 2000)("A municipality is not subject to section 1983 liability simply because a claimant is able to identify conduct attributable to the municipality. Rather, 'the plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.'")(citation omitted)(emphasis in original).

A §1983 Monell plaintiff must not allege facts sufficient to merely show that the municipality knew of the particular risk of constitutional injury, but that the municipality actually drew the inference that its response to the risk was inappropriate in light of that risk. *See Brown*,

420 U.S. at 410 ("As our decision in Canton makes clear, 'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."); *Riddick*, 238 F.3d at 525-526 ("Thus, the evidence simply does not support a finding that the school officials investigating the 1989 allegation ignored 'the potential consequences of known risks.'")(citations omitted); *Carter*, 164 F.3d at 220 ("At best Carter's two decade survey of police conduct offers only one other uninvestigated complaint of unlawful arrest in the City of Danville—and that resulting from apparently reasonable error. This evidence fails to show that the City of Danville is deliberately indifferent to the relevant rights of its citizens."); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994)(Supreme Court explaining the "deliberate indifference" standard under the Eight Amendment: "…the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

In deciding Rule 12(b)(6) motions to dismiss, Courts in the Fourth Circuit have applied a *Twombly-Iqbal* analysis to § 1983 *Monell* claims. In *Fernandez v. Montgomery County, MD*, 2010 U.S. Dist. LEXIS 121215 (D. Md. 2010), the Honorable Judge Alexander Williams, Jr. articulated the analysis as follows:

> Recent Supreme Court decisions have created a two-part framework for analyzing motions to dismiss for failure to state a claim. First, the Court must sort the allegations in the Complaint into two categories: genuine factual allegations that are entitled to deference, on the one hand, and allegations that are mere threadbare recitals of the elements of a cause of action, on the other. Taken alone, the allegation that the individual officers' actions resulted from the County's policy or custom of discrimination and/or indifference to training its officers fails at the first step of the Twombly-Iqbal analysis because it is little more than a bare assertion that a legal element (i.e., the policy-or-custom element) is met.

*Id.* at *8 (internal quotation and citation omitted); *see also Chestnut v. Prince George's County*, 2011 U.S. Dist. LEXIS 27391, *7 (D. Md. 2011) (Finding that the plaintiff's Monell allegations

were "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, thus failing to satisfy the pleading requirements of Ashcroft v. Iqbal....").

The Honorable Judge Williams continued to explain that to get past the first step of the *Twombly-Iqbal* analysis, the allegations must offer "concrete factual material...instead of merely reciting a legal conclusion." *Fernandez*, 2010 U.S. Dist. LEXIS 121215 at *9. If the allegations move the analysis beyond the first step, the second step is to determine whether the complaint "plausibly establish[es] the inference that a policy or custom of the County is responsible for the actions of the individual Defendants." Id. Furthermore, the Court dismissed the notion that such an analysis subjects plaintiffs to a heightened pleading standard:

> Plaintiff also contends that section 1983 claims are not subject to a heightened pleading standard. However, the Court is simply applying the generally-applicable pleading standard of Federal Rule of Civil Procedure 8(a), as interpreted by the Supreme Court in Iqbal and Twombly; the Court is not fashioning a special form of heightened pleading for section 1983 claims.

*Id.* at *10 (emphasis added); *see also Barnes v. Montgomery County, Md*, 2010 U.S. Dist. LEXIS 37279, *9-10 (D. Md. 2010) (Ruling that a complaint alleging a § 1983 *Monell* claim for failure to train police officers was inadequate because the plaintiff "fail[ed] to specify what the deficient training policy or custom is or to provide facts that demonstrate the County made a deliberate or conscious choice to inadequately train its officers.").

Likewise, this Court has dismissed a § 1983 *Monell* claim where the complaint failed to provide sufficient facts and circumstances that would give rise to a plausible inference of a custom, pattern, or practice. *See Miller v. Hamm*, 2011 U.S. Dist. LEXIS 141 (D. Md. 2011). In that case, the plaintiff alleged that the BPD had a custom, policy, or practice of retaliating against officers who exercise their First Amendment rights and failing to provide name-clearing hearings

to which officers were entitled. *Id.* at *50-51. In dismissing the plaintiff's claim, this Court held:

> These allegations are too generalized to state a claim for municipal or official-capacity liability that is plausible, rather than merely possible. Miller does not describe the circumstances surrounding the alleged other acts of retaliation and denials of name-clearing hearings so as to raise an inference that they were the result of a common policy or practice established by BPD policymakers. Without specific factual allegations, the court need not accept Miller's bald assertions of the existence of policies, practice, and customs.

*Id.* at *51 (emphasis added).

Finally, the Fourth Circuit has upheld the dismissal of §1983 *Monell* claims by the Honorable J. Frederick Motz of this Court, where the plaintiff has failed to allege facts sufficiently stating a plausible §1983 *Monell* claim against BPD for an alleged custom and policy of Fourth Amendment violations against African American citizens in Baltimore City. *See Cook v. Howard*, 484 Fed. Appx. 805, 810-811 (2012). Plaintiff does not plead sufficient facts that identify a specific practice or custom of the BPD that affirmatively authorizes a violation of a citizen's Fourth, Fifth, Eighth, or Fourteenth Amendment rights. Moreover, to the extent that Plaintiff is alleging that the BPD indirectly caused her constitutional injuries, likewise, the Complaint is devoid of facts supporting a §1983 *Monell* claim.

## V. **CONCLUSION**

The Plaintiffs' claims are time-barred, as their Complaint was filed years after the three-year statute of limitations ended, is barred by the *Heck* doctrine and collateral estoppel due to Plaintiff being convicted of the very crime for which he was arrested, and the Complaint otherwise fails to allege sufficient facts to state a viable §1983 *Monell* claim against the Defendants. Therefore, for all of the foregoing reasons stated supra, this Court should dismiss Plaintiff's Complaint with prejudice and without leave to amend.

16

Respectfully submitted,

Andre M. Davis
City Solicitor

CHRISTOPHER R. LUNDY
Federal Bar No. 29888
Chief Solicitor
Police Legal Affairs Practice Group
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202
(443) 835-0282 (phone)
(410) 396-2126 (fax)
christopher.lundy@baltimorecity.gov
*Attorneys for Defendants*

## VI. **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of December 2018 that a true copy of the foregoing Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Complaint was filed in accordance with the electronic filing requirements and procedures as established by the U.S. District Court for the District of Maryland and was served via certified mail, postage prepaid upon:

Alexander Jiggetts
4152 Crestheights Road
Baltimore, Maryland 21215
*Plaintiff*

Respectfully submitted,

CHRISTOPHER R. LUNDY
Federal Bar No. 29888

17