IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS,

   Plaintiff,

v.

BALTIMORE CITY POLICE DEPT.,
DETECTIVE SHIRLEY DISNEY,
LT. MICHAEL FRIES,

   Defendants.

Civil Action No.: ELH-18-3430

**MEMORANDUM OPINION**

Plaintiff Alexander Jiggetts, who is self-represented, filed suit against the Baltimore City Police Department, Detective Shirley Disney, and Lt. Michael Fries, alleging a violation of his constitutional rights in connection with a search of his home on November 11, 2013, and again on November 12, 2013. ECF 1. Defendants have moved to dismiss the complaint for failure to state a claim (ECF 5), supported by a memorandum (ECF 5-1) (collectively, the "Motion"). They assert the untimely filing of the Complaint, collateral estoppel, and the inadequacy of the alleged facts. ECF 5-1. Defendants also argue that the claims asserted are barred by the doctrine announced in *Heck v. Humphrey*, 512 U. S. 477, 487 (1994) (stating that 42 U.S.C. §1983 claims, impugning the legality of a criminal conviction, are not cognizable unless the conviction is reversed).

Plaintiff filed a response in opposition. ECF 13. Defendants filed a reply. ECF 17. Plaintiff then filed a surreply, without seeking leave of court to do so. ECF 18.

Plaintiff has also filed several other motions, including a second motion to amend complaint (ECF 14); a motion to have the U.S. Marshal file a receipt (ECF 15); a "Motion To Name Complaint A Regular Civil Suit" (ECF 16); a motion for default judgment (ECF 20), which

he supplemented (ECF 22); and a motion to appoint counsel. ECF 23. Defendants oppose the motion for default judgment. ECF 28.

No hearing is necessary to resolve the pending motions. *See* Local Rule 106.5 (D. Md. 2018). For the reasons that follow, I shall grant the motion to amend (ECF 14) as well as the motion to dismiss. ECF 5. I shall deny the remaining motions.

## I. Plaintiff's Allegations

Plaintiff alleges that on November 11, 2013, Baltimore City police used an unspecified technology to raid his house and his "alleged phones." ECF 1 at 1. The police suspected that the phones found in plaintiff's house were used to commit the crime of "telephone misuse." But, according to plaintiff, the phones found in his home were not used to commit the crime. Plaintiff maintains that once it was established that the phones were not used to commit a crime, the search should have ended. Moreover, he claims that "they didn't have a warrant for the phones or my house" and "they never had a warrant to enter the technology into the phones." *Id*. According to plaintiff, the police "should have went to a cell phone provider to enter the phone" and "should have also had a warrant from a judge to use the technology." *Id*.

Following the initial search, plaintiff was arrested and taken to Central Booking. The next day, according to plaintiff, the police again "burglarized [his] house by going in . . . a second time without a warrant." *Id*.

Plaintiff alleges that the conduct of the police in searching the phones and his house violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution. *Id*. He explains that he is not attempting to challenge his criminal conviction through the filing of this lawsuit, which he declares is not one filed pursuant to 42 U.S.C. § 1983, but is a "regular suit." *Id*. at 2.

Jiggetts acknowledges that he pleaded guilty to the telephone misuse charge, explains that he challenged the legality of the search during the pendency of the criminal case, and states that he was committed to Spring Grove immediately thereafter, where he remained for the next three years. *Id*. In his motion to amend the complaint, plaintiff specifies that as relief he is seeking 15 million dollars or, in the alternative, $400,000. ECF 8.

## II. Additional Factual Background

Plaintiff was committed to Spring Grove Hospital on September 5, 2014. *See State v. Jiggetts*, Case No. 816180013 (Balt. City Cir. Ct. 2016).[1] Plaintiff's commitment was based on the State court's finding that he was not competent to stand trial. *See also Jiggetts v. Hepburn*, Civil Action JFM-14-3614 (D. Md. 2014) (Petition for writ of habeas corpus challenging legality of finding that he was not competent to stand trial); *Jiggetts v. Ekoh*, Civil Action JFM-15-3270 (D. Md. 2015) (challenge to legality of forced medication). He remained hospitalized until June 28, 2016, when he pleaded guilty to charges of telephone misuse.

On October 16, 2014, plaintiff filed a complaint similar to the instant one, which also included Detective Disney and Lt. Fries as defendants. *See Jiggetts v. Johnson, et al.*, Civ. Action JFM-14-3247 (D. Md. 2014). He alleged that police officers used illegal technology to track down his location and cell phone and arrested him on charges of telephone misuse. In that complaint, plaintiff admitted to making the phone calls in question, but claimed that the calls did not hurt anyone and were simply prank calls, warranting only a six-month sentence. *Id*. at ECF 1. The relief sought by that complaint included dismissal of the pending criminal charges against him as well as monetary damages. *Id*. The complaint was dismissed, without prejudice, pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *Id*. at ECF 2.

---

[1] *See* http://casesearch.courts.state.md.us/inquiry

During the period of time that plaintiff was committed to Spring Grove Hospital as incompetent to stand trial, he filed more than forty civil actions in this court. *See* Civil Actions: JFM-14-2486, JFM-14-3217, JFM-14-3219, JFM-14-3220, JFM-14-3247, JFM-14-3306, JFM-14-3307, JFM-14-3447, JFM-14-3614, JFM-14-3374, JFM-15-2569, JFM-15-2676, JFM-15-2794, JFM-15-2895, JFM-15-2954, JFM-15-3059, JFM-15-3231, JFM-16-2681, JFM-16-2683, JFM-16-2684, JFM-16-2793, JFM-16-2794, JFM-16-2795, JFM-16-2796, JFM-16-2797, JFM-16-2798, JFM-16-2681, JFM-17-1525, JFM-17-1526, JFM-17-1573, JFM-17-1593, JFM-17-1690, JFM-17-1691, ELH-17-1712, JFM-17-1866, JFM-17-1867, JFM-17-1868, JFM-17-2360, JFM-17-2482, JFM-17-2483, JFM-17-2551, JFM-17-2648, JFM-17-2760, JFM-17-2977.

Many of plaintiff's other civil actions were dismissed on the basis they were barred by *Heck*. *See, e.g., Jiggetts v. Hepburn*, Civ. Action JFM-14-3217 (D. Md. 2014) (dismissed without prejudice pursuant to *Heck*); *Jiggetts v. Bailey*, Civ. Action JFM-14-3220 (D. Md. 2014) (same, raising similar allegations of illegal search); *Jiggetts v. Balt. Co.*, Civ. Action JFM-17-1526 (D. Md. 2017) (same); *Jiggetts v. Balt. Co. Police Dep't.*, Civ. Action JFM-17-1593 (D. Md. 2017) (same); *Jiggetts v. Dist. Ct. Patapsco*, Civ. Action JFM-17-1691 (D. Md. 2017) (same); *Jiggetts v. Balt. Cty State's Attorney*, Civ. Action JFM-17-1868 (D. Md. 2017) (same); and *Jiggetts v. St. of Md.*, Civ. Action JFM-17-2360 (D. Md. 2017) (same).

### III. Non-Dispositive Motions

As noted, plaintiff has filed a second motion to amend complaint (ECF 14), a motion to have the U.S. Marshal file a receipt (ECF 15), a motion to name complaint a regular civil suit (ECF 16), a motion for default judgment (ECF 20), and a motion to appoint counsel (ECF 23). Each is addressed below.

A. Motion to Amend (ECF 14)

Pursuant to Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Rule 15 dictates that "[t]he court should freely give leave when justice so requires." *Id.* Where the proposed amendment to the complaint appears to be a futility, however, the court has discretion to deny leave to amend.

Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards. "[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)(citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008)).

Although leave to amend must be freely given by this court, leave to amend may be denied where the proposed amendment would be prejudicial to the opposing party, or the moving party has acted in bad faith, or the amendment would be futile. *See Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 603 (4th Cir. 2010). A proposed amendment is prejudicial to the opposing party if it is belated and would change the nature of the litigation. *Id.* at 604; *see also Deasy v. Hill*, 833 F.2d 38, 42 (4th Cir. 1987).

The second motion to amend the complaint was filed within 21 days after defendants filed their motion to dismiss, and is timely under Rule 15(a). Plaintiff alleges in the amendment that

5

the Baltimore City Police Department "used a policy and pattern" when they illegally used "technology" on his phone without a warrant; seized the phones without a warrant; and seized "four or five identification cards, four or five debit cards, . . . three medical insurance cards and [plaintiff's] birth certificate," which were not returned. ECF 14. The proposed amendment to the complaint does not materially change the nature of the claims asserted in the complaint. And, defendants' Motion addresses the policy claim. Therefore, I find that the amendment is not prejudicial and the motion to amend shall be granted.

B. Motions Regarding Service (ECF 15; ECF 20; ECF 22)

In his motion to have the U.S. Marshall file receipt of service (ECF 15), plaintiff states that the docket does not reflect the date the defendants signed for service, making it impossible for him to discern whether the Motion was filed within 21 days. He adds that if the Motion was untimely, he would be entitled to "file for judgment or summary judgment," which would render defendants' Motion moot. ECF 15.

The returned, executed summons were filed with the court after plaintiff's motion was filed. ECF 19. Accordingly, the motion seeking the receipt of service is moot and shall be denied.

After the executed summons were returned to the court, plaintiff filed a motion for default judgment (ECF 20), which he supplemented (ECF 22). Plaintiff states in support of his motion that defendants did not "meet the 21 day deadline to defend a complaint" and that it "took 25 or 26 days" for defendants to respond, entitling him to judgment in his favor "by law." ECF 20. Plaintiff attaches the executed summons indicating that the City Solicitor was served on November 30, 2018. ECF 20-1 at 1, 5, 9. The supplemental request for default judgment raises the same argument and also relies on the executed summons. ECF 22, ECF 22-1.

In their opposition, defendants correctly observe that service was improper in this case. But, by responding to the Complaint, they waived the error in service because plaintiff is self-represented and they did not want to overburden this court with litigation regarding service. ECF 28. The U.S. Marshal effected service in this case by mailing the summons and complaint via FedEx[2] to the attention of City Solicitor Andre Davis for each defendant named.

Under Fed. R. Civ. P. 4(j)(2) a state or local government defendant "must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." The City Solicitor is not the chief executive officer of the Baltimore City Police Department; rather, the Police Commissioner is the chief executive officer. Further, under Maryland Rule 2-124(l) a "local entity" is served by "serving the resident agent designated by the local entity" and, where there is "no resident agent or if a good faith effort to serve the resident agent has failed, service may be made by serving the chief executive or presiding officer or, if none, by serving any member of the governing body." Defendants state that the Baltimore City Police Department does not have a resident agent. Therefore, proper service requires service on the Police Commissioner, which was not done in this case. ECF 28 at 2-3.

The individually named defendants, Detective Disney and Lt. Fries, were also not properly served under Fed. R. Civ. P. 4(e). It requires:

> (1) following state law for serving a summons . . . or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion . . . or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[2] The practice of using FedEx to deliver service materials has been addressed and is now abandoned as a practice by the U.S. Marshal.

7

As noted, the summons and complaint for service of Disney and Fries was mailed via FedEx to the City Solicitor, which is not one of the options provided in Rule 4. This manner of service is also not permitted under Md. Rule 2-121(a), which permits service

> (1) by delivering to the person to be served . . . a copy of the summons, complaint and all other papers filed with it; (2) . . . by leaving a copy of the summons, complaint and all other papers filed with it at the individual's dwelling house . . . with a resident of suitable age and discretion; or (3) by mailing to the person . . . by certified mail requesting; 'Restricted Delivery – show to whom, date, address of delivery.

In addition to the improper service that occurred, defendants are currently actively defending the suit against them. And, the brief delay in filing the responsive pleading has caused no prejudice to plaintiff. Therefore, the motion for default judgment (ECF 20, ECF 22) shall be denied.

C. Motion to Name Complaint a Regular Civil Suit

In this motion, plaintiff reminds the court that he stated in his original complaint "that this is a regular suit" and not one filed pursuant to 42 U.S.C. § 1983. ECF 16. The motion is meritless and has no basis in law.

The court is unaware of how a § 1983 suit differs from what plaintiff refers to as a "regular suit." Nor does plaintiff provide any clarification for the court. Furthermore, plaintiff's Complaint fits squarely within the definition of a § 1983 claim.

Under § 1983 "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . ." Here, plaintiff has sued the Baltimore City Police Department and two of its officers for an alleged violation of his constitutional rights. The Complaint is a classic § 1983 complaint;

renaming it a "regular suit" does not change the legal analysis applicable to the claims asserted. Plaintiff's motion shall be denied.

      D.      Motion to Appoint Counsel

In his motion to appoint counsel, plaintiff cites his poverty as the basis for appointing counsel to represent him in this matter. ECF 23. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987).

Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). Such circumstances also include a litigant who "is barely able to read or write," *Whisenant*, 739 F.2d at 162, or clearly "has a colorable claim but lacks the capacity to present it." *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008).

For reasons set forth more fully below, the claims asserted in the complaint are not colorable, a merits hearing is unnecessary, and discovery will not take place. Litigation of the matters asserted is not complex or beyond plaintiff's capacity to present. Therefore, appointment of counsel is not warranted. The motion shall be denied.

## IV. Motion To Dismiss

### A. Standard of Review

As noted, defendants have moved to dismiss the suit. A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 2019 WL 1105179, at *3 (4th Cir. Mar. 11, 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal

theory supporting the claim asserted." *Johnson v. City of Shelby*, *Miss.*, 574 U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

In other words, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible claim of relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Glassman v. Arlington Cty.*, 628 F.3d 140, 146 (4th Cir. 2010). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations

allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts ordinarily do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards,* 178 F.3d at 243 (quoting *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.'"* *Goodman,* 494 F.3d at 464 (quoting *Forst,* 4 F.3d at 250) (emphasis added in *Goodman*).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). The court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Clatterbuck v. City of Charlottesville*, 08 F.3d 549, 557 (4th Cir. 2013); *see Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007).

But, under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for

summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166 (citation omitted); *see also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). Of import here, "[w]hen the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

A court may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, ___ U.S. ___, 138 S. Ct. 558 (2017); *Oberg*, 745 F.3d at 136; *Kensington Volunteer Fire Dep't. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012).

To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

In addition, "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb*, 791 F.3d at 508; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011); *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Moreover, in the context of a motion to dismiss, "[a] court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL 5008763, at *1 n. 3 (D. Md. Aug. 20, 2015), aff'd, 639 Fed. Appx. 200 (4th Cir. May 6, 2016); *cf. Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990) (holding that a district court may "properly take judicial notice of its own records").

However, "these facts [must be] construed in the light most favorable" to the non-movant. *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 557 (4th Cir. 2013) (*abrogated on other grounds* by *Reed v. Town of Gilbert, Ariz.*, ____ U.S. ____, 135 S. Ct. 2218 (2015), as recognized in *Cahaly v. Larosa*, 796 F.3d 399 (4th Cir. 2015)). And, under Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts only if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of

14

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

### B. Discussion

Defendants assert in part that the Complaint was filed outside of the applicable statute of limitations, entitling them to dismissal of the claims against them. ECF 5. "Section 1983 provides a federal cause of action, but in several respects relevant here, federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: it is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)).

In Maryland, the applicable statute of limitations is generally three years from the date of the occurrence. *See* Md. Code (2013 Repl. Vol.), § 5-101 of the Courts and Judicial Proceedings Article. The question of when a cause of action has accrued under §1983 is a question that would be resolved under federal law. *See Nassim v. Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id*.

The alleged illegal searches occurred in November 2013. Yet, suit was not filed here until November 2, 2018, almost five years later. In his opposition to defendants' Motion, plaintiff argues that because he was deemed incompetent to stand trial and remained so "for almost three years," he was unable to file an earlier suit. ECF 13 at 2. Plaintiff asks, "How would one be able to file a claim if he is incompetent[?]" *Id*. He attributes this inability to being at Spring Grove, where he "had no access to anything." *Id*. He adds: "No one can file a suit or do legal work without a computer which I had no access to w[h]ile incarcerated." *Id*.

In response to plaintiff's claim that the statute of limitations was tolled while he was deemed incompetent, defendants assert that plaintiff's incompetence was not such that he was unaware of the wrongs committed against him. ECF 17 at 3-4. They rely on *Kratz ex re. v. Kratz-Spera v. MedSourct Cnty. Servs., Inc.,* 228 Md App. 476, 139 A. 3d 1087 (2016), which explains that the "disability of mental incompetence is not a medical term but an imprecise legal one, so it is the inability of the person, by reason of incompetence, to understand that he or she has a cause of action that is the concern." *Id*. at 485, 139 A.3d at 1092 (internal quotation marks omitted). In his Complaint, plaintiff states that he raised the claim regarding the legality of the searches conducted in the context of his criminal case. ECF 1. Defendants point to this allegation as support for a finding that plaintiff was aware of the claims raised in the instant Complaint, disproving his claim that his incompetency prohibited him from filing suit within the three-year statute of limitations period. ECF 17 at 3-4.

The court may also take judicial notice of plaintiff's many filings in this court during his hospitalization. Some of the cases assert the same claims as are asserted here. *See*, *e.g.*, *Jiggetts v. Bailey*, Civ. Action JFM-14-3220 (D. Md. 2014) (raising allegations of illegal search). Thus, plaintiff was not suffering from a disability severe enough to defeat his ability to draft a complaint and file it in this court, as evidenced by his prolific litigation. The tolling provision in Maryland's statute of limitation for incompetency therefore does not apply to plaintiff.

Plaintiff also claims inapplicability of the three year statute of limitations on the theory of the continuing tort doctrine. In his estimation, the three-year limitations period began to run in June 2016, when he was found competent to stand trial, "because there was a[n] ongoing harm in the form of being in a[n] institution, guilty plea, and probation . . . ." ECF 13 at 2. Specifically, plaintiff argues that the tortious conduct alleged is ongoing because the "conditions that the

16

defendants created by arresting [him] still exist," and he notes that he will remain on probation until July 2019. *Id.*

The Complaint asserts two instances of conduct that allegedly ran afoul of plaintiff's constitutional rights in connection with the search of plaintiff's home and location of his cell phones by police. His argument that his arrest, commitment, and conviction have had lasting effects on his life does not convert the claims raised into a continuing tort. "Continuing violations that qualify under this theory are continuing unlawful acts, for example a monthly over-charge of rent, not merely the continuing effects of a single earlier act." *MacBride v. Pishvaian*, 402 Md. 572, 584, 937 A.2d 233, 240 (2007), abrogated in part by *Litz v. Maryland Dept. of Env't*, 434 Md. 623, 76 A.3d 1076 (2013).

In *Litz*, the Maryland Court of Appeals said, 434 Md. at 646, 76 A.3d at 1089 (internal citation and quotation omitted):

> [T]he 'continuing harm' or 'continuing violation' doctrine . . . tolls the statute of limitations in cases where there are continuing violations. When a claimant brings a cause of action for continuing acts of negligence or trespass, we apply the same principle as with a temporary nuisance claim where every repetition of the wrong creates further liability and creates a new cause of action, and a new statute of limitations begins to run after each wrong perpetuated.

In plaintiff's case, there is nothing alleged that is akin to a continuing violation. Rather, plaintiff's assertion is more closely related to an allegation of "'the continuing ill effects from the original alleged violation,' and not 'a series of acts or course of conduct . . . that would delay the accrual of a cause of action to a later date.'" *MacBride*, 402 Md. at 585, 937 A.2d at 241 (citation omitted). Thus, neither theory of a delayed accrual of plaintiff's cause of action applies and the complaint is time-barred.

The Motion shall be granted on this basis. Therefore, the court need not address the remaining claims raised by defendants.

A separate Order follows.

July 9, 2019 /s/
Date Ellen L. Hollander
United States District Judge